UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD L. RABBITT,

        Plaintiff,                Case No. 1:09-cv-1001

v.                                           Hon. Robert J. Jonker

CORNERSTONE UNIVERSITY, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is now before the court on plaintiff's motion and corrected motion for leave to proceed *in forma pauperis* on appeal (docket nos. 148 and 149).

    **I.**    **Discussion**

This matter was removed to this court from the Kent County Circuit Court. This court subsequently entered judgment in favor of defendants and dismissed plaintiff's action on May 26, 2011. *See* Judgment (docket no. 140). Plaintiff now seeks *in forma pauperis* status for purposes of filing an appeal. The fee for filing an appeal is $455.00. To proceed *in forma pauperis* on appeal, petitioner must comply with the requirements of Fed. Rule App. Proc. Rule 24(a)(1), which requires him to file a motion for leave to proceed *in forma pauperis,* together with an affidavit showing his inability to pay the required fees (in the detail prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issues he intends to present on appeal.

Plaintiff has submitted various documents in support of his application for leave to proceed *in forma pauperis* on appeal: an affidavit of financial status (docketed by the court as his original motion to proceed *in forma pauperis*) (docket no. 148); a corrected affidavit of financial

status (docketed by the court as his corrected motion to proceed *in forma pauperis*) (docket no. 149); a "financial affidavit supplement" with nine pages of attachments (docket no. 151); twenty-three pages of "missing exhibits" (docket no. 153); and a "Corrected Attachment #2 from Docket # 151" (docket no. 155). Plaintiff's filings indicate that he has only $24.00 in cash and $81.82 in banks and savings and loan associations. *See* Affidavit of financial status (docket no. 148); Corrected Affidavit of financial status (docket no. 149). Plaintiff reported that neither he nor his spouse are employed, that they have a gross monthly income (including rental income) of $3,204.00, and that they have monthly expenses of $3,229.00, which results in the family's monthly expenses exceeding its monthly income by $25.00. *Id.*[1] Plaintiff also listed the following assets: a house in Grand Rapids, Michigan worth $57,000.00; a house in Jamestown, North Dakota, worth $25,000.00; and three cars with a combined net value of $2,500.00. *Id.*

After reviewing plaintiff's filings, defendants objected, noting that while plaintiff claims to have only $81.82 in banks and savings and loan associations, "[p]laintiff may have a retirement account with Cornerstone University which is not disclosed in any of his filings." *See* Defendants' response to plaintiff's motion (docket no. 156). Plaintiff subsequently filed a second corrected affidavit with 27 pages of attachments. *See* (Second) Corrected Aff. (docket no. 157). This second corrected affidavit includes attached copies of plaintiff's retirement accounts valued in excess of $60,000.00. *Id.* In addition, plaintiff noted that the 2010 Federal Income Tax Return previously provided to the court (see docket no. 151-1) reflected the retirement accounts by listing an $11,931.00 rollover from a pension. *Id.*

---

[1] The court notes that plaintiff's Affidavit of Financial Status lists his monthly Social Security disability payment of $1,557.00 as "retirement" income rather than "disability" income. *See* docket no. 148.

The filing fee for an appeal is $455.00.  The court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship.  *Prows v. Kastner* 842 F.2d 138, 140 (5th Cir. 1988).  While plaintiff reported that his household experiences a $25.00 monthly deficit, the record reflects that plaintiff has assets in excess of $142,000.00.  In light of plaintiff's assets, it does not appear that the filing fee of $455.00 would be beyond his means or impose an undue hardship upon him.  Accordingly, plaintiff's motions for leave to appeal *in forma pauperis* should be denied.[2]

## II.     Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motions for leave to appeal *in forma pauperis* (docket nos. 148 and 149) be **DENIED,** and that plaintiff be required to pay the filing fee of $455.00 to pursue his appeal.


Dated:  August 30, 2011                            /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] Plaintiff's failure to list his retirement accounts as assets on his financial affidavits is a serious matter.  The *in forma pauperis* statute directs that "the court shall dismiss the case at any time if the court determines that. . . (A) the allegation of poverty is untrue. . ."  28 U.S.C. § 1915(e)(2)(A).  *See, e.g., Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (affirming district court's order vacating grant of *in forma pauperis* status, where the district court determined that the plaintiff "had intentionally misrepresented his financial status in the affidavit to support his request for pauper status").  However, based on the limited record before the court, there are insufficient facts to find that plaintiff *intentionally* misrepresented his financial status.  Accordingly, I do not recommend denying *in forma pauperis* status on the ground that plaintiff made an untrue allegation of poverty.

3